UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-29 GERALD BAGGETT,

    Defendant.
    _____/

Case No. 06-20465

Honorable Nancy G. Edmunds

### ORDER DENYING DEFENDANT GERALD BAGGETT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL [1780]

This matter comes before the Court on Defendant Gerald Baggett's motion for judgment of acquittal brought pursuant to Rule 29, Federal Rules of Criminal Procedure. On April 21, 2009, Defendant Baggett was indicted and charged with:

    Count 6 -   Assault with a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. § 1959(a)(3);

    Count 21 -   Possession with Intent to Distribute and Distribution of Cocaine, 21 U.S.C. § 841(a)(1); and

    Count 30 -   Use of a Firearm During and in Relation to Crime of Violence, 18 U.S.C. § 924(c).

A jury trial commenced on January 25, 2011 and concluded on February 1, 2011. The jury returned a guilty verdict on Counts 6 and 21. Defendant's motion seeks a judgment of acquittal only on the drug charge, Count 21.

**I.**    **Analysis**

Defendant challenges the sufficiency of the evidence on his conviction on Count 21

under Federal Rule of Criminal Procedure 29. The Court begins with the standard of review, then addresses Defendant's arguments.

### A. Standard of Review - Rule 29 Motion for Acquittal

"Evidence is sufficient to sustain a conviction if after viewing the evidence in the light most favorable to the prosecution, *and after giving the government the benefit of all inferences that could reasonably be drawn from the testimony*, any rational trier of fact could find the elements of the crime beyond a reasonable doubt." *United States v. Driver*, 535 F.3d 424, 428-29 (6th Cir.) (internal quotation marks and citations omitted, emphasis in original), *cert. denied*, 129 S. Ct. 662 (2008). "In examining claims of insufficient evidence, this court does not weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

### B. Defendant's Arguments

Defendant argues that his conviction for possession with intent to distribute and distribution of less than 50 grams of cocaine must be set aside because it is based on insufficient evidence. Specifically, Defendant argues that there is insufficient evidence of (1) the date that the alleged drug activities occurred; (2) corroboration for Defendant's wiretapped conversations with Phil McDonald; and (3) Defendant's actual or constructive possession of a controlled substance. Defendant further argues that, because the proofs at trial established only a conspiracy to distribute cocaine, this created a variance from the Second Superseding Indictment which charged possession with intent to distribute and distribution of cocaine. Defendant's arguments lack merit.

under Federal Rule of Criminal Procedure 29. The Court begins with the standard of review, then addresses Defendant's arguments.

### A. Standard of Review - Rule 29 Motion for Acquittal

"Evidence is sufficient to sustain a conviction if after viewing the evidence in the light most favorable to the prosecution, *and after giving the government the benefit of all inferences that could reasonably be drawn from the testimony*, any rational trier of fact could find the elements of the crime beyond a reasonable doubt." *United States v. Driver*, 535 F.3d 424, 428-29 (6th Cir.) (internal quotation marks and citations omitted, emphasis in original), *cert. denied*, 129 S. Ct. 662 (2008). "In examining claims of insufficient evidence, this court does not weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

### B. Defendant's Arguments

Defendant argues that his conviction for possession with intent to distribute and distribution of less than 50 grams of cocaine must be set aside because it is based on insufficient evidence. Specifically, Defendant argues that there is insufficient evidence of (1) the date that the alleged drug activities occurred; (2) corroboration for Defendant's wiretapped conversations with Phil McDonald; and (3) Defendant's actual or constructive possession of a controlled substance. Defendant further argues that, because the proofs at trial established only a conspiracy to distribute cocaine, this created a variance from the Second Superseding Indictment which charged possession with intent to distribute and distribution of cocaine. Defendant's arguments lack merit.

**1. Time Element**

Count 21 of the Second Superseding Indictment reads as follows:

> In or about June 2006, in the Eastern District of Michigan, defendant Gerald Baggett did knowingly, intentionally, and unlawfully possess with the intent to distribute, and did distribute, cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1).

Defendant does not question the appropriateness of the Court's instruction to the jury that the government need only prove that the charged drug crime happened reasonably close to the June 2006 date alleged in Count 21. (Def.'s Mot. at 10.) Rather, Defendant challenges the sufficiency of the government's evidence on this time element. Defendant's argument is rejected.

During the course of the trial, the government presented the testimony of Sergeant Michael McCarthy of the Brownstown Police Department. Sgt. McCarthy testified that, during the course of law enforcement's investigation into Highwaymen being involved with narcotics trafficking and stolen goods, he received information from a confidential informant. The informant – Phil McDonald – told McCarthy about Defendant's admissions to him that he sold cocaine out of the two-story building on Ecorse Road in Taylor that housed both his tattoo business and his residence. The informant also told McCarthy that Defendant Baggett kept cocaine hidden in bushes across the street from his combined business/residence. The bushes were located on property belonging to Defendant's neighbor.

McCarthy obtained a search warrant that was executed on June 20, 2006. A thorough search was conducted of Defendant's combined business/residential premises. Although many items were seized, including a photo of Defendant with the informant – Phil

McDonald – and other Highwaymen, no evidence of cocaine was found.  A more limited, cursory search was also made of the bushes located across the street from Defendant's premises.  The search was limited in scope, i.e., the bushes were not dug up or thoroughly searched, because the police did not have a search warrant for the neighbor's residence, and the police did not want to do anything that would tip Defendant off as to the identity of their informant. No evidence of cocaine was found.

The next day, June 21, 2006, a wire-tapped telephone call captured a conversation between Phil McDonald and Defendant.  (Gov't Ex. 157.)  The two discussed the June 20, 2006 search, and Defendant explained that the police did not find any drugs because he had moved the drugs before the police came and had hidden them in bushes across the street from his residence/business premises.  (*Id.*)  Phil McDonald also testified that he was the individual who had provided information about Defendant's drug dealing to the police.

This is sufficient to establish the time frame alleged in Count 21.

### 2. Use of Defendant's June 21, 2006 Wiretapped Conversation to Establish Possession

Defendant Baggett next argues that there is insufficient evidence that he had actual or constructive possession of cocaine in or around June 2006.  Specifically, Defendant argues that the June 21, 2006 wiretapped call between him and Phil McDonald where he discussed his possession of cocaine constitutes an uncorroborated confession that cannot be used to establish his guilt on Count 21.  This argument lacks merit.

The government does not dispute the general principle that an uncorroborated

confession alone is insufficient to prove the defendant's commission of a crime.[1]  *See United States v. Brown*, 617 F.3d 857 (6th Cir. 2010).  Rather, it argues that Defendant's admission about hiding drugs in that June 21, 2006 wiretapped conversation with Phil McDonald constitutes a party admission, not a confession or incriminating statement made by a defendant to a law enforcement official.  The Court agrees with the government.

Because Defendant's wiretapped statements are party admissions, not confessions, *Brown* is distinguishable. In *Brown,* there is no discussion about applying the corroboration rule to party admissions not made to law enforcement officials.  Moreover, admissions like those in the wiretapped conversation here do not raise the same concerns of trustworthiness that give rise to the "corroboration rule" discussed and applied in *Brown.*

Even if the rule is applied here, there was sufficient, independent corroborating evidence introduced at trial with regard to Defendant's admission of drug possession in his June 21, 2006 wiretapped conversation.  For example, there is evidence from Sgt. McCarthy that a search of Defendant's premises was executed the day before the wiretapped phone conversation with Phil McDonald, and that no evidence of cocaine was

---

[1]As the Sixth Circuit observed in *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010), "the rule says that no one may be convicted of a crime based solely on his uncorroborated confession;" and it was originally adopted in England to "guard[] against convictions for imaginary crimes by requiring prosecutors to demonstrate through independent evidence that the crime occurred before they could use an accused's own statements to establish guilt."  In 1954, the Supreme Court "braced a variation on the rule to prevent 'errors in convictions based upon untrue confessions alone.'" *Id.* (quoting *Smith v. United States*, 348 U.S. 147, 153 (1954)).  Unlike England's *corpus delicti* rule, in the United States, "[t]he government instead generally may satisfy the rule if it introduces substantial independent evidence which would tend to establish the trustworthiness of the statement, an approach that has the virtue of ensuring that these trustworthiness considerations extend to all confessions, including those in which no one doubts a crime occurred, only who committed it."  *Id.* (omitting internal quotation marks, citation, and added emphasis).

found at Defendant's residential/business premises. There is testimony from Phil McDonald that he was the informant that told Sgt. McCarthy that Defendant sometimes hid cocaine in the bushes across the street from his premises. This is sufficient under *Brown*. "So long as portions of the defendant's statement are corroborated by substantial evidence that tends to establish the trustworthiness of the statement, then the elements of the crime may be established by the defendant's statements." *United States v. Ramirez*, 635 F.3d 249, 257 (6th Cir. 2011) (internal quotation marks and citation omitted).

There is also additional evidence of Defendant's drug activity, i.e., Steven Peet's testimony that when, over the course of four years, he asked Defendant for cocaine, Defendant would contact a buddy who would then deliver the drugs to Peet; Peet's testimony that he was beaten by Defendant and other Highwaymen for failing to pay for drugs he got; McDonald's testimony that Defendant and another member drove Peet to the hospital to make sure he kept his mouth shut; Peet's hospital records from April 1, 2006 (Gov't Ex. 233A); and a body-wire recorded conversation (Gov't Ex. 158) where McDonald and Defendant discussed Peet's beating and where Defendant admitted that he usually gave Peet "a few twenties" of cocaine at a time and voiced his concern that Peet better not turn around and sell those drugs to Defendant's cocaine customers.

### 3. Variance Between Indictment and Trial Evidence

Finally, Defendant Baggett argues that Count 21 of the Second Superseding Indictment was constructively amended and a prejudicial variance was allowed because the evidence at trial failed to establish that he possessed cocaine. Specifically, Defendant argues that the evidence and lack of evidence introduced at trial had the effect of materially changing the specific charge of possession with intent to distribute and distribution of

cocaine to a charge of conspiracy to possess with intent to distribute and distribution of cocaine. For the immediately preceding reasons and those stated below, this argument is rejected.

As explained by the Sixth Circuit, "[a] variance [to the indictment] occurs when the charging terms [of the indictment] are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *United States v. Solorio*, 337 F.3d 580, 589 (6th Cir. 2003) (internal quotation marks and citation omitted). "A variance will not constitute reversible error unless substantive rights of the defendant have been affected," and "a substantive right of the defendant is violated by a variance only when a defendant proves prejudice to his ability to defend himself or to the overall fairness of the trial." *Id.* at 590 (internal quotation marks and citations omitted).

Just as in *Solorio*, Defendant here has not shown a prejudicial variance because "[t]he facts adduced at trial were not materially different from those alleged in the indictment." *Id.* As the *Solorio* court observed, "[t]he concept of variance is designed to prevent the prosecution from convicting the defendant of a different offense, not a lesser variation on the charged offense." *Id.* Defendant has not shown that he was convicted of a different offense than the one charged in Count 21 of the Second Superseding Indictment.

The elements of the drug offense charged in Count 21 are: (1) Defendant acted knowingly and intentionally and not by mistake or accident; (2) Defendant possessed a controlled substance; and (3) Defendant distributed, or intended to distribute, the controlled substance. The proofs at trial were sufficient to establish these elements. For example, there was evidence that (1) Defendant sold cocaine to Steven Peet (Gov't Ex. 158); (2) Defendant arranged for cocaine to be delivered to Steven Peet; (3) Defendant told Phil

7

McDonald that he kept cocaine at his residence/business, that people came by his premises to get cocaine, that he made about $1,000 a week dealing cocaine, and that he hid some cocaine across the street from his premises so it wasn't at his house; and (4) Defendant himself talked about intentionally hiding cocaine in bushes across the street from his residence and how it was not discovered during the execution of a search on June 20, 2006 (Gov't Ex. 157).

Although evidence of Defendant's involvement in a drug conspiracy was also introduced at trial, the charge in the Indictment, 21 U.S.C. § 841(a)(1), was for possession, the jury was instructed on the elements of that offense, and the jury found that the elements of that crime had been proven beyond a reasonable doubt. There was no variance.

## II. Conclusion

For the above-stated reasons, Defendant Baggett's motion for judgment of acquittal is DENIED.

            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

Dated: June 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 3, 2011, by electronic and/or ordinary mail.

            s/Carol A. Hemeyer
            Case Manager